CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries caused when the farm tractor and butane tank trailer he was driving on the open highway was struck from the rear by defendant Sternberg’s dump truck. After a trial on the merits, the district judge awarded plaintiff judgment for $18,400, including $3,400 special damages. The dump truck’s insurer, The Travelers Insurance Company, paid its policy limit of $5,000 and did not appeal. The defendant, Lloyd L. Sternberg, owner of the truck, has appealed. Plaintiff answered the appeal seeking an increase in the award.
The scene of the accident is on Louisiana Highway 26 a few miles north of the city of Jennings, where this two-lane, concrete highway makes a long gradual curve and runs generally east and west At about the center of the curve the highway is intersected on the south by a gravel road, forming a T-intersection. There is a concrete ramp extending from the south edge of the highway out about 40 feet on the side road to a point where the gravel begins.
At about 8:30 a. m. on February 13, 1962, plaintiff was driving a large farm tractor, pulling .a trailer on which was mounted *608 a 500 gallon butane tank. He was on the gravel road going in a northerly direction toward the highway. It is plaintiff’s contention that he stopped at Highway 26, looked in both directions and saw no approaching vehicles from the west within one quarter of a mile. Whereupon, he turned right and had proceeded a distance of about 300 feet on the highway, at a speed of about 8 miles per hour, when he was struck from the rear by defendant’s dump truck.
It is defendant’s contention that his heavily loaded dump truck was going east on the highway at a speed of about 25 miles per hour and as it reached the intersection the tractor drove onto the highway only about 150 feet in front of the truck. The truck driver applied his brakes and cut to the right but was unable to avoid striking the right rear of the butane tank trailer. The dump truck continued past the point of impact about 20 feet and turned over in the ditch on the south side of the highway. The tractor and trailer were knocked forward but not off the road.
The principal issues are factual. First of these is the location of the point •of impact with relation to the intersection. Defendant contends the point of impact was about 146 feet east of the center of the intersection. Plaintiff contends the accident occurred between 300 and 325 feet east of the intersection. In a well ■considered written opinion the district judge has reviewed the evidence and con•cluded the accident occurred approximately ■300 feet from the center of the intersection. We have carefully reviewed the record and find it fully supports this finding of fact.
The second question of fact concerns the visibility of the drivers at the time of the •accident. It was a rather damp, foggy ■morning, but the district judge was of the •opinion visibility was at least 450 feet. ■Our review of the record leads us to the ■conclusion that this was actually a very ■conservative finding. Several witnesses testified that visibility was 200 to 300 yards.
Under these findings of fact the trial court concluded the accident was caused by the negligence of the dump truck driver “ * * * in failing to see the tractor and trailer when he should have seen them and could have brought his heavily loaded dump truck to a stop. Either John A. Broussard was driving his dump truck too fast to stop within the 450 feet distance when he first observed the tractor and trailer, or he failed to see what he should have seen.”
Although defendant’s principal argument is that this accident was caused by plaintiff entering the highway at an unsafe distance in front of the dump truck, defendant also makes the argument that the lack of any lights on the tractor or trailer, under these conditions where visibility was restricted to some degree by fog, was the cause of the accident. The short answer to this argument is that several witnesses testified, and the district judge held as a fact, that there was sufficient visibility for the tractor and trailer to be seen clearly without any lights. As a general rule a motorist must drive at such a speed that he can stop within the range of his vision and although this doctrine has been considerably eroded by a number of exceptions, such as for instance where a night motorist strikes a poorly visible negligent obstruction in the highway which is so unusual or extraordinary that he is not required to anticipate it, we do not find that the present case falls within any of these exceptions. See Eubanks, et al. v. Wilson, et al., 162 So.2d 842 (3rd Cir. La.App.1964) for a full discussion of the “assured clear distance rule” and the many exceptions thereto. Here the accident did not occur at night and, although visibility was affected by the fog, the tractor was clearly visible for a sufficient distance the the dump truck driver should have seen it in time to easily take necessary precautions. The tractor was not poorly visible nor negligently obstructing the highway.
*609 Having found that defendant’s driver was negligent, we next consider the contention that plaintiff was guilty of contributory negligence. An extended discussion is unnecessary because we have already answered both of defendant’s arguments, i. e., plaintiff did not enter the intersection at an unsafe distance in front of the dump truck and there was sufficient visibility to obviate the necessity of lights on the tractor and trailer. We find no error in these findings of fact by the trial judge.
The next issue is the quantum of damages. Plaintiff is 45 years of age, uneducated, and had worked as a common laborer and farmer for several years previous to the accident, earning approximately $1700 per year. His principal injuries were to his back, both the cervical and lumbar areas. He had pre-existing arthritis of the vertebrae, but had continued to work. He was in the hospital a total of 38 days, most of which time he was in traction for severe pain. An inter-vertebral disc was removed and a spinal fusion performed in the lumbar area. He was completely disabled and suffered severe pain up through the date of the trial one year after the accident. The doctors predicted that he would be totally disabled for at least another year. Thereafter it was estimated his disability would be 15% to 30%.
The district judge awarded $15,000 for pain, suffering and disability, plus $3,400 for loss of two years’ earnings, or a total of $18,400. These awards are not so all out of proportion with awards made in previous cases for similar injuries that they constitute an abuse of the trial court’s discretion. See Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.